IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-171-BO

| | | |
|---|---|---|
| DARREN G. WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 8, 2016, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB in March 2012 alleging disability since September 22, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant

has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements through December 13, 2014, and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's inflammatory arthritis, carpal tunnel syndrome, elbow partial tear, and diabetes mellitus were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff could perform sedentary work with additional limitations. The ALJ found that plaintiff could not return to his past relevant work as a carpenter or automobile mechanic, detailer, or sales person, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform, including surveillance system monitor, addresser, and food and beverage order clerk. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. §

3

404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

In 2012, plaintiff's treating rheumatologist, Dr. Schimizzi, gave an opinion that plaintiff would be unable to continue working due to loss of function in both shoulders and his right (dominant) hand. Tr. 300. Dr. Schimizzi further noted significant loss of function, early joint contractures in the wrists and digits, as well as spontaneous bilateral tendon ruptures in the shoulders. *Id.* The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p.

The ALJ failed to address Dr. Schimizzi's opinion, and instead relied on his perceived absence of any medical source opinion regarding plaintiff's functional capacity as evidence to discount plaintiff's credibility regarding his abilities. Tr. 32. Unlike as suggested by the defendant, the ALJ's failure to address Dr. Schimizzi's opinion was not harmless; Dr. Schimizzi's opinion rests on his assessment of plaintiff's functional capacity, including loss of function in his shoulders and hand and does not invade the province of the ALJ by describing plaintiff as disabled.

Further, the opinion of the consultative examiner does not contradict Dr. Schimizzi's opinion. The consultative examiner makes no express findings as to plaintiff's functional

4

capacity, but notes decreased range of motion in right wrist and hands as well as both shoulders. Tr. 345. While a non-examining physician found that plaintiff could perform occasional handling and fingering with the right hand and occasional overhead reaching bilaterally, the same physician further found plaintiff's allegations about his symptoms and limitations to be credible based on the objective evidence, including MRI evidence. Tr. 102. In April 2014, after the hearing before the ALJ, Dr. Schimizzi opined that plaintiff could life five pounds on a regular basis, no weight on a frequent basis, and only occasionally manipulate with his right or left hand. Tr. 606. Dr. Schimizzi also noted that plaintiff would not have further improvement in physical function. *Id.*

Although the ALJ afforded great weight to the non-examining medical consultant opinion, who, as discussed above found plaintiff able to only occasionally handle, finger, or reach overhead, the ALJ concluded that plaintiff could engage in each of these activities frequently; occasionally is defined as very little but up to one-third of an eight-hour day, while frequently is defined as one-to-two-thirds of an eight-hour day. SSR 83-14. The ALJ's failure to explain his departure from this opinion, and well as his failure to assign great if not controlling weight to the opinion of Dr. Schimizzi, reveals that his decision was not based on substantial evidence. On the contrary, when the opinions and findings of Dr. Schimizzi, including his 2014 opinion which though not before the ALJ was presented to the Appeals Council and may properly be considered by the Court, *see Wilkins v. Sec'y, Dept. of Health and Human Services*, 953 F.2d 93, 96 (4th Cir. 1991), are afforded the proper weight, the weight of the record supports that plaintiff could not perform work available in the national economy on a regular and continuing basis.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and the record before this Court properly supports a finding that defendant has failed to satisfy her burden to show that plaintiff can perform work in the national economy. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 18] is DENIED. The

6

decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __18__ day of July, 2016.

                                                                   TERRENCE W. BOYLE
                                                                  UNITED STATES DISTRICT JUDGE